# Richmond.

## DERBYSHIRE v. JONES AND OTHERS.

### December 10, 1896.

1. CHANCERY PRACTICE—*Cross bill*—*New matter*—*New parties.*—A cross bill is intended to be in aid of the defence to the original suit, and cannot be more extensive than the original defence. Though additional facts may be added in support of the original defence, yet new and distinct matter not set up as a defence in the original cause, cannot be thereby introduced, unless it be matter which has subsequently arisen. Nor can new parties be added by a cross bill, except perhaps in cases where it is made to appear by evidence arising from the pleadings and proof between the complainants and defendants that the presence of another party is necessary in order that the defence to the complainants' demand may be complete, or a controversy between the defendants may be properly adjudicated. If the interest of a defendant requires the presence of a new party, he should make the objection of non-joinder, and the complainant will be required to amend his bill, or else it will be dismissed. If the court ascertains that an indispensable party is not before it on the record, it refuses to proceed.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced December 9, 1893, in the chancery suit of *H. C. Jones, Trustee,* v. *The Domestic Sewing Machine Company and others,* in which the appellant filed a cross-bill against the parties to the original suit, the appellee and others.

*Affirmed.*

The opinion states the case.

*J. H. Dinneen* and *Meredith & Cocke,* for the appellant.

*Christian & Christian* and *Smith, Moncure & Gordon,* for the appellees.

KEITH, P., delivered the opinion of the court.

The Domestic Sewing Machine Company conveyed to Henry
C. Jones, trustee, a large amount of personal property, in
trust to secure the payment of negotiable notes aggregating
$74,995, drawn by J. H. Derbyshire of the city of Richmond,
payable to the Domestic Sewing Machine Company, delivered
to and negotiated by it for its own benefit and advantage.

H. C. Jones, trustee, filed his bill in the Chancery Court
of the city of Richmond setting forth the difficulties surround-
ing him in the execution of the trust, and asking the court's
direction and guidance in the discharge of his duties. The
Domestic Sewing Machine Company, Derbyshire, the State
Bank of Virginia, and the Planters National Bank at Rich-
mond, were made parties defendant.

Derbyshire answered the bill, and his answer was treated
as a cross-bill. In it he asks the appointment of a receiver
to collect all the assets conveyed in the deed, and bring the
proceeds into court for distribution among those entitled.
Among the notes drawn by Derbyshire, payable to the Do-
mestic Sewing Machine Company, was one for $3,234, due
August 8, 1893. This note, it seems, had been assigned by
the Domestic Sewing Machine Company to S. M. Jones, to
secure notes drawn by him, and discounted for the benefit of
the Sewing Machine Company. It was sent by S. M. Jones
to his attorney, H. M. Smith, in the city of Richmond, to col-
lect, which Smith was about to do by suit. Thereupon Derby-
shire filed what is termed a supplement and amendment to his
cross-bill, in which he asks that S. M. Jones and H. M. Smith,
David Hutcheson, Jeannette Moffatt, guardian, and the plain-
tiff and original defendants to the bill might be made parties
defendant, and that S. M. Jones, H. M. Smith, David
Hutcheson and Jeannette Moffatt might be enjoined and re-
strained from bringing, or causing, or permitting to be
brought, an action at law against him upon the aforemen-

tioned note for $3,234  The injunction was granted, and the case subsequently coming on to be heard upon the demurrer and answer of S. M. Jones and sundry affidavits, and upon the motion to dissolve, it was decreed and ordered that the injunction be dissolved.  From this decree an appeal was awarded, and the case is before us for decision.

A cross-bill is a proceeding to procure a complete determination of a matter in litigation.  It is a mode of defence to the original subject of litigation, and therefore no decree can be founded upon new and distinct matters introduced by a cross-bill, and not embraced in the original suit, except matters pertinent and germane to the subject of the original suit which have occurred since its institution.  2 Daniel's Ch. Pr. (5th Amer. Ed.), page 1548 et. seq.

It is "filed by a defendant in a suit against a plaintiff, or some other defendant, or both, in the same suit touching the matter in question in the original bill; and it may be either to obtain a discovery in aid of the defence to the original bill, or to obtain relief for all parties touching the matter of that bill."  1 Barton's Ch. Pr., page 300.

It may be filed against a defendant where a question arises between two defendants upon a case made out by evidence arising from pleadings and proofs between the plaintiffs and defendants.  1 Barton's Ch. Pr., page 300, and cases cited.

It should not introduce new and distinct matter not embraced in the original bill, and it should not make new parties, for as to such matters it is an original bill.  See 1 Barton's Ch. Pr., 301; 2 Daniel's Ch. Pr. (5th Amer. Ed.), note to page 1548; and the opinion of Curtis, J., in *Shields* v. *Barrow*, 17 How. 145.

The citation from the opinion of Justice Curtis, delivered for the whole court in a case argued by Mr. Benjamin and Mr. Janin, is worthy of great consideration, and though criticised by some as being a mere *dictum*, has been recognized in many courts as a correct exposition of the law.  He says:

"New parties cannot be introduced into a case by a cross-bill. If the plaintiff wishes to make new parties he amends his bill and makes them. If the interest of the defendants require their presence, he takes the objection of *non joinder*, and the plaintiff is forced to amend, or his bill is dismissed. If at the hearing the court finds that the indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject, and a cross-bill to make new parties is not only improper and irregular, but wholly unnecessary"

Judge Green, delivering the opinion of the Supreme Court of West Virginia, in *McMullen* v. *Eagan*, 21 W. Va., at page 250, cites this quotation from Justice Curtis as properly enunciating the law, and states without reservation that no one "can be made a defendant to a cross-bill except persons who are parties to the suit as plaintiffs or as defendants." See *West Va. Land Co.* v. *Vinal*, 14 W. Va., at page 682.

In 2 Rob., Old Pr., at page 318, it is said: "The cross-bill is intended only in aid of the defence to the original suit, and the matter of it cannot be more extensive than the original defence. It may perhaps set up additional facts as constituting part of the same defence, relative to the same subject matter. But it ought not to contain new matter not set up as a defence in the original cause, unless it be matter which has arisen subsequently." For this proposition he cites the opinion of Chancellor Kent in *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 355.

That was a bill filed to enforce an award. The defendant filed an answer and cross-bill attacking the award, which was the foundation of the original bill, as having been procured by fraud and corruption upon the part of the plaintiffs and of the arbitrators. The arbitrators were made parties defendant, and were not parties to the original bill. Chancellor Kent, after stating the law as quoted in 2 Rob. Pr., says: "This is undoubtedly the general principle, but I am not clear that the cross bill may not set up additional facts

as constituting part of the same defence relative to the same subject matter."

The intimate connection between the matter set up in the cross-bill, and the subject of the original bill in *Underhill* v. *Van Cortlandt, supra,* is obvious. It is true that new parties were made, but their presence was in the judgment of the court necessary in order to give the defendants the opportunity to make full defence to the demand of the plaintiffs, and it may be that the rule that the cross-bill shall not introduce new parties, may, with propriety, be relaxed in those cases where it is made to appear by evidence arising from the pleadings and proofs between the plaintiffs and defendants that the presence of another party is necessary in order that the defence to the plaintiffs' demand may be complete, or a controversy between the defendants may be properly adjudicated, though it is difficult to conceive a case which would not be met by some one of the courses suggested by Justice Curtis.

We are aware that there are courts of respectable authority, notably those of Georgia and Alabama, which hold to a contrary view of the law. There is no Virginia case, however, at all in conflict with the views expressed. *Briscow* v. *Ashby,* 24 Gratt. 454, is sometimes referred to as sanctioning a different conclusion, but upon investigation of that case it will be found that the new parties were introduced by amended and supplemental bills; that it was to this bill that the cross-bill was filed, and that no persons were made parties to it who were not named as such either in the original bills or in the amended and supplemental bills. It is certain that the opinion of the court does not discuss the question now before us. It may be that there is equity disclosed by Derbyshire in the cross bill which gives rise to this controversy, and all we decide is that his case was not properly presented. His cross-bill does not set up matters necessary to his defence to the original bill, nor arising upon the pleadings and proofs between him and the plaintiff and defendants in the original

bill, nor any of his co-defendants, and such being the case we are of opinion that there is no error in the decree dissolving the injunction, and it is therefore affirmed.

*Affirmed.*