# Staunton.

## CROCKETT & OTHERS v. WOODS & OTHERS.

### SEPTEMBER 14, 1899.

1. CHANCERY PLEADING—*Cross-Bill—Its Purpose — New Matter — New Parties.*—A cross-bill is intended to be in aid of the defence to the original suit, and may be filed either to obtain a discovery in aid of such defence, or relief for all parties touching the matter of that bill. It may be filed against the complainant, or one or more co-defendants, or both, in the original suit. It cannot introduce new and independent matter not set up as a defence in the original suit, unless it be matter which has arisen since its institution; nor can it add new parties, except perhaps where it appears from the pleadings and proof in the original suit that the presence of another party is necessary in order that the defence to the complainant's demand may be complete, or a controversy between the defendants may be properly adjudicated. In the case in judgment, the cross-bill did not controvert complainant's debt, but it introduced new and independent matter, existing when the original bill was filed, and added a new party who was a stranger to the objects of the original suit.

2. TRUSTS AND TRUSTEES—*Offering Lands as a Whole and in Parcels— Apportionment of Funds—Coparceners.*—If one coparcener purchases the tract received by another in the partition, and contemporaneously with the deed to him gives a deed of trust thereon and on his original tract received in such partition to secure the purchase price, and also to secure other debts, upon a sale thereafter by the trustee where it appears that the tracts were offered first separately and then as a whole, and the latter offer was accepted, the price obtained should be apportioned between the two tracts in the same proportion that the prices bore to each other when offered separately, and the value of the tract so purchased should be first applied to the payment of the purchase price thereof. It is error to divide the fund equally merely because the tracts are supposed to have been of equal value in the first instance.

3. APPEAL AND ERROR—*Amount in Controversy.*—If an assignment of error affects one person only whose debt is less than $500, the appeal will be dismissed as to him as improvidently awarded.

Appeal from two decrees of the Circuit Court of Wythe county, pronounced at the February term, 1895, and the February term, 1896, of said court, and from a decree of the Hustings Court of the City of Radford, pronounced December 15, 1897, in several chancery suits heard together, in each of which one or more of the appellants were defendants.

*Reversed.*

The opinion states the case.

*C. B. Thomas* and *Fulton & Fulton,* for the appellants.

*Blair, Poage & Blair,* for the appellees.

RIELY, J., delivered the opinion of the court.

The first assignment of error is that the court did not sustain the demurrer to the cross-bill.

A cross-bill is a mode of defence to the original subject of litigation and intended to be in aid of the defence to the original suit. It is filed by a defendant in a suit against a plaintiff, or some other defendant, or both, in the same suit, touching the matter in question in the original bill; and it may be either to obtain a discovery in aid of the defence to the original bill, or to obtain relief for all parties touching the matter of that bill. It may be filed against a defendant, where a question arises between two defendants upon a case made out by evidence arising from pleadings and proofs between the plaintiffs and defendants. But a cross-bill may not introduce new and distinct matter not set up as a defence in the original cause, unless it be matter which has arisen since its institution; nor can it add new parties, except, perhaps, where it is made to appear by evidence arising from the pleadings and proofs between the

plaintiffs and defendants that the presence of another party is necessary in order that the defence to the plaintiffs' demand may be complete, or a controversy between the defendants may be properly adjudicated. 1 Barton's Ch. Pr. (2 ed.), 317-18; and *Derbyshire* v. *Jones,* 94 Va. 140, and authorities there cited.

In the case at bar the suit was brought, and the original bill filed by creditors of Thomas Woods, deceased, against his administrator and heirs, to subject his estate to the payment of his debts. The cross-bill was filed by three of the heirs for the purpose of holding the administrator liable for an alleged *devastavit* on account of the partial loss of a debt due to his intestate in his lifetime, and also to hold the principal debtor, who was the husband of a daughter of the decedent and a party to the original suit, and his surety on said debt, who was not a party to the original suit, and in nowise connected with its objects, liable for the alleged *devastavit,* upon the ground that they colluded with the administrator, and participated in its commission. The cross-bill did not contest the liability of the estate of the decedent for the payment of the debts asserted against it, nor set forth any defence against them, nor was it intended to be in aid of any defence against them. It set forth new and distinct matter not embraced in the original bill, and it also introduced a new party, who was a stranger to the objects of the original suit. The matter asserted by the cross-bill, and the introduction of the new party, were plainly the subject of an original bill, and particularly so under the circumstances disclosed by the record, but unnecessary to be adverted to here. The court, therefore, erred in not sustaining the demurrer and dismissing the cross-bill, but without prejudice to the complainants therein to bring an original suit for the matters embraced therein, if they should be so advised. The dismissal of the cross-bill renders unnecessary any consideration of the second and third assignments of error.

The fourth, fifth, and sixth assignments of error may be con-

sidered together.   It appears that Joseph M. Crockett owed
Thomas Woods in his lifetime a debt by bond, on which there
was due on September 26, 1892, a balance of $2,226.50.   The
wife of Joseph M. Crockett was a daughter and one of the
heirs of the decedent.   His lands had been divided among his
heirs, and she agreed that the portion which she had received
in the partition should be sold for the payment of the debt due
by her husband to her father's estate.   Her brother, R. R.
Woods, became the purchaser of it at the price of $2,400, of
which amount he agreed to pay the sum of $2,226.50 to the
administrator of her father's estate in full discharge of the
debt due to it by her husband.   The administrator consented to
the arrangement, and accepted R. R. Woods as the debtor to
the estate of his intestate in the place of the original debtor,
Joseph M. Crockett, and S. R. Crockett, his surety.   Thereupon,
in fulfilment of the agreement, Joseph M. Crockett and his
wife conveyed to R. R. Woods the portion of the lands of her
father which were allotted to her in the partition, and R. R.
Woods executed contemporaneously therewith a deed of trust
thereon to secure the payment to the administrator of the said
debt.   In the deed of trust there was also conveyed the portion
which R. R. Woods received in the partition of the lands of his
father, and there was also secured a debt of $1,129.50 due by
R. R. Woods in part to the administrator for purchases made at
the sale of the personal estate of the decedent, and the residue
to him as agent of the heirs.   The lands so conveyed were sold
by the trustee by order of court, being offered first in parcels
and then as a whole.   When offered in parcels, the Crockett
land was bid up to $1,949 and the R. R. Woods land to $967.
They were then put up as a whole, and brought $3,065.   There
were judgments against R. R. Woods recovered against him
prior to the execution of the deed of trust.

In applying the proceeds of sale of the said lands, the court
apportioned to the debt originally due from Joseph M. Crockett,

but assumed by R. R. Woods and secured in the deed of trust,
only one-half of the net amount arising from the sale of all
the lands, upon the theory that in the partition of the lands of
Thomas Woods, deceased, the shares thereof of Mrs. Crockett
and of R. R. Woods were allotted as equal in value. In this
the court erred. R. R. Woods bought the Crockett land on
September 26, 1892, at the price of $2,400. The sale by the
trustee was made on August 13, 1894, and when the lands were
offered in parcels, the Crockett land, as before stated, was bid
up to $1,949, while $967 was the highest bid that could be
obtained for the R. R. Woods land. A large discrepancy in the
relative market value of the two shares was thus demonstrated by
actual sale. It is not unusual that, however equally lands may be
supposed to be at the time they are divided, the respective shares
in a few years, either from original intrinsic difference or from
various causes, become very unequal in value. And, aside from
this, R. R. Woods, in buying the land of Mrs. Crockett, agreed
to pay out of the purchase money the debt of $2,226.50 of
Joseph M. Crockett to the estate of Thomas Woods, deceased, and
secured its payment by deed of trust on this land, and on the
land acquired by him in the partition of the lands of his father.
The administrator of Thomas Woods, deceased, was a party to
the transaction, and had full knowledge of all the facts. He
was the sole beneficiary in the deed of trust, and mainly as such
fiduciary. The land of Mrs. Crockett was not originally liable
for the debt of her husband, and was only made so by her vol-
untary act. She dedicated it and the purchase money to the
payment of this particular debt, and to no other purpose. Not
to apply the entire net proceeds of its sale under the deed of
trust would be a diversion of the fund, violate the understand-
ing and agreement of all the parties, and be inequitable and
unjust. The relative market value of the two tracts as shown
by the sale thereof separately was as $1,949 is to $967; and,
under the facts and circumstances shown in the case, the debt of

$2,226.50 should have been credited with the net amount realized from the Crockett land upon the sale of the two tracts as a whole for the sum of $3,065 to be ascertained by a calculation made according to the proportion aforesaid.

The seventh assignment of error cannot be considered. It affects alone the petitioner, I. R. Harkrader, and the amount in controversy being only $335.66, it is below the jurisdiction of this court. For this reason, the appeal must be dismissed as to him, as improvidently awarded. *Marchant* v. *Healy,* 94 Va. 614; and *Gilman* v. *Ryan,* 95 Va. 494.

The decrees appealed from, for the foregoing reasons, must be reversed, and the cause remanded to the Corporation Court for further proceedings to be had therein in accordance with the views herein expressed.

*Reversed.*