# Richmond

WILLIAM PHILLIP BREWER v. ALMA McNEIL BREWER.

January 20, 1958.

Record No. 4763.

Present, All the Justices.

The opinion states the case.

*Dillow & Andrews* and *Crowell, Deeds & Nuckols*, for the appellant.

*Bentley Hite*, for the appellee.

(Case submitted on briefs)

HUDGINS, C. J., delivered the opinion of the court.

On November 10, 1954, Alma McNeil Brewer filed a bill for separate maintenance against her husband, William Phillip Brewer, and stated therein that "no divorce is sought." The husband, on November 11, 1954, filed an answer and cross-bill in which he denied the material allegations of the bill and prayed for a divorce *a mensa et thoro* on the grounds of desertion and cruelty. Thereafter, on December 1, 1954, the wife filed a detailed answer to the cross-bill. On November 26, 1956, approximately two years later and after the trial court had awarded the wife various amounts for temporary maintenance, she, without leave of court, filed a demurrer to the cross-bill.

By decree entered on February 25, 1957, the court sustained the wife's demurrer and dismissed the husband's cross-bill on the ground that the husband "has no right to file a cross-bill in a suit for separate maintenance instituted" by the wife. To review that decree the husband sought and obtained this appeal.

The sole issue in the case is whether the husband has a right to file a cross-bill for divorce in response to a bill in which his wife seeks only separate maintenance.

The husband contends, among other things, that the right to file his cross-bill for divorce in the separate maintenance suit instituted by his wife is given by Rule 2:13, which provides as follows:

"A defendant may file in the clerk's office, within twenty-one (21) days after service on him of the subpoena, or thereafter by leave of court, a cross-bill which seeks relief against the plaintiff but not against other defendants or third parties. When such a cross-bill is filed, it shall not be necessary to issue process thereon against the plaintiff, but the cross-bill shall be served as provided by Rule 2:17 and shall not be taken for confessed.

"The plaintiff shall file his pleadings in response to such cross-bill within twenty-one (21) days after it is filed."

This Rule is merely procedural and provides the place, time, manner of filing and maturing a cross-bill against a plaintiff, but it does not state the substantive law applicable to a determination of the

legality of such a bill when questioned under the varying circumstances of particular cases.

■ A cross-bill is a bill of complaint filed by one or more defendants against one or more of the plaintiffs named in the original bill, or against one or more co-defendants, or against some or all of both plaintiffs and co-defendants. Rules 2:13, 2:14. Its purpose is not to repel the claims asserted by a plaintiff or co-defendant, as the proper pleading required for this purpose is generally a plea or answer. *Robins* v. *Massey*, 179 Va. 178, 18 S. E. 2d 385.

The primary purposes of a cross-bill are to obtain affirmative relief on behalf of the defendant or defendants filing such a bill, and to obtain in the course of one proceeding a full and complete determination of all issues which arise out of, or which are connected with, the subject matter of the original bill. In other words, a cross-bill is an aggressive pleading, rather a sword than a shield, with its subject matter restricted or limited to that which is germane to, or an outgrowth of, the original bill. The restriction as to subject matter extends to the introduction of issues that are not within the scope of the original bill. Hence, a cross-bill is not defective if it introduces subject matter or issues which, if incorporated in the original bill, would not render the latter pleading multifarious. Likewise, a cross-bill is not defective if it introduces subject matter or issues, the proof of which could be properly considered as a defense to the original bill and on which affirmative relief could be granted. *Hudson* v. *Hudson's Ex'r*, 3 Rand. (24 Va.) 117; *Moorman* v. *Smoot*, 28 Gratt. (69 Va.) 80; *Derbyshire* v. *Jones*, 94 Va. 140, 26 S. E. 416; Lile's Equity Pleading and Practice, 3rd ed. §§ 151, 152, pp. 86, 87; 19 Am. Jur., Equity, § 324 *et seq.*, p. 230 *et seq.*

In *Westfall* v. *Westfall*, 196 Va. 97, 104, 82 S. E. 2d 487, where a wife had instituted a suit for separate maintenance against her husband in the Circuit Court of Arlington County, and the husband had subsequently instituted a suit for divorce in the Circuit Court of Fairfax County, we said: "When the divorce action was brought she had the election to proceed with her action for separate maintenance in the Circuit Court of Arlington county, *or to file a cross-bill and assert such claim in the divorce action.* Having elected the former course of action she should not have had the latter forced upon her." (Italics supplied.)

■ It is contrary to the objectives of the Rules of Court and modern pleading to require the husband in the instant case to prove

his defense to the separate maintenance suit and then to institute another suit and prove all over again the allegations now made in his cross-bill, on which affirmative relief may be granted. The cross-bill does not introduce subject matter or issues which, if incorporated in the original bill, would render the latter pleading multifarious. Furthermore, the rights of the wife will not be prejudiced by a determination in one proceeding of her right to separate maintenance and the husband's right to a divorce. Indeed, such a proceeding will prevent a multiplicity of suits, minimize costs and expedite the ends of justice without prejudice to the rights of either spouse. *Westfall* v. *Westfall, supra; Rhoton* v. *Rollins,* 186 Va. 352, 42 S. E. 2d 323; *Bickley* v. *Bickley,* 136 Ala. 548, 34 So. 946.

The wife contends that "the dissimilarities between a suit for separate maintenance, which has its background in the common law, and a suit for a divorce, which is strictly statutory, forbid and prohibit the filing of a cross-bill in this case." There is no merit in this contention.

In *Wolford* v. *Wolford,* 133 W. Va. 403, 56 S. E. 2d 614 (1949), on which the wife relies, the West Virginia court held that a husband did not have the right to file a cross-bill for divorce in his wife's suit for separate maintenance. The decision was based on various West Virginia statutes and the dissimilarities of a suit for divorce and a suit for separate maintenance. However, this decision is not in accord with the views of this Court as expressed herein and in *Westfall* v. *Westfall, supra.* Indeed, the West Virginia court in a subsequent case, *Jones* v. *Jones,* 135 W. Va. 554, 64 S. E. 2d 24 (1951), held that a wife had waived her right to question a cross-bill for divorce filed by the husband in her suit for separate maintenance, where she had filed an answer to the cross-bill and evidence had been taken on the issues made by the pleadings.

The issue of whether the wife waived her right to question the right of the husband to file his cross-bill in the instant case was not made the subject of an assignment of error, and hence is not properly before the Court. In any event, we hold that the husband has a right to file a cross-bill for divorce in the suit for separate maintenance instituted against him by his wife.

For the reasons stated the decree is reversed, the cross-bill of the husband reinstated and the case remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*