## CIRCUIT COURT OF ARLINGTON COUNTY

Clayborne

v.

United Services Homeowner
Association, Inc.

### Case No. (Chancery) 23804

By JUDGE CHARLES H. DUFF

January 8, 1974

The case came on for hearing on the Motion to Strike and Demurrer filed by the Defendant. Prior to argument or testimony the Complainant moved the Court for leave to amend paragraph 5 of her Bill of Complaint, and it was my ruling that this motion would be taken under advisement and a decision thereon rendered along with the Demurrer and the Motion to Strike.

If the Motion to Amend is denied, then I am of the opinion that the Demurrer and/or Motion to Strike should be sustained. Paragraph 5 of the Bill of Complaint alleges that the shares were issued to the Complainant "in consideration for the services she was rendering to establish United Services Homeowner Association, Inc." The inference from the language employed in this portion of the Bill is that the Complainant was actually rendering services at the time the shares were issued and, indeed, may have been rendering services prior thereto. However, an examination of her testimony taken at deposition, which both

parties agreed the Court might consider, shows clearly that at the time of issuance of the stock no services had been rendered. In fact, it was only *after* she had agreed to Mr. Webb's request to assist him in organizing the business that he handed her the stock certificate. The Complainant further testified that she paid nothing for the stock. Thus it seems inescapable that if consideration was the motivation for the issuance of the stock, it had to be the future service which the Complainant had promised to render. Such service shall not constitute payment or part payment for shares of stock. *See* Code § 13.1-17. Apparently recognizing the difficulty in her position, Complainant's Motion to Amend the Bill of Complaint infers that the motivation behind the issuance of the stock was a gift. Counsel for both parties treated the amendment as alleging a gift, and I have so considered it in determining whether it should appropriately be allowed.

The Defendant, *inter alia*, contends that for the Complainant to proceed on the theory of gift is inconsistent with her previous position, not only in the present Bill but in prior cause, Chancery 22482. He posits that the Court's discretion to allow an amendment is not unlimited and that the Complainant has, in effect, been allowed two prior amendments. Defendant also contends that Complainant has an adequate remedy at law. Complainant denies that her position is inconsistent, in its ultimate effect, with that previously taken; she denies that an adequate remedy at law exists and contends that equity has jurisdiction to grant the relief for which she prays. She candidly asserts in argument that she does not truly know the motivation behind the issuance of the stock but that such information reposes solely with Mr. Webb.

Rule 1:8 of the Rules of Court provides in part as follows:

> No amendments shall be made to any pleading after it is filed save by leave of Court. Leave to amend shall be liberally granted in furtherance of the needs of justice.

In her original Bill in this cause Complainant sought an order requiring that the Defendant release or issue a stock certificate. She contended and now contends that

she was and is the owner of fifty shares of corporate stock issued to her by the corporation's president. The amendment she now seeks asserts a different motivation on the part of Mr. Webb for the issuance of the stock. The ultimate fact or issue remains the same, namely, is she the owner of fifty shares of the corporate stock. Assuming that the stock was in fact issued, his motivation he alone can supply. I do not believe that to allow the amendment would so change the fundamental nature of the case as to constitute an abuse of the Court's discretion. To refuse the amendment, if in fact a true gift was intended, would be a manifest injustice.

Finally, I am satisfied that equity has jurisdiction, in a suit brought by an alleged stockholder against a corporation to compel the issuance of a certificate for the shares of stock allegedly owned. The law appears to be that if there is any valid reason why this relief cannot be given, equity will grant alternative relief by way of damages. *See* 18 Am. Jur. 2d 770; *Virginia Public Service Company v. Steindler*, 166 Va. 686 (1936); *Westminster National Bank v. Electrical Works*, 62 A. 971 (N.H. 1906); *Bross et al. v. Carpenter et al.*, 37 N.E. 261 (Ohio 1894).

Nothing stated herein is intended to indicate the Court's belief that a valid gift of the shares was, in fact, made. The burden remains upon the Complainant to so prove. This ruling should be construed no further than allowing the Complainant to have the opportunity to so prove if she can.

I have this date entered the Decree allowing the amendment. Mr. Waterval will be allowed twenty-one days herefrom to file his response to the Amended Bill.

### February 20, 1974

I have examined the decision of *Brewer v. Brewer*, 199 Va. 626 (1958), as well as the other authorities cited in argument of the Demurrer to the cross-bill.

Rule 2:13 of the Rules of Court provides for the filing of a Cross-bill "which seeks relief against the plaintiff." As indicated in the *Brewer* opinion this rule is procedural and does not state the substantive law ap-

plicable to when such a bill will lie. However, the *Brewer* Court furnished some guidelines with the following language:

> The primary purposes of a cross-bill are to obtain affirmative relief on behalf of the defendant or defendants filing such a bill, and to obtain in the course of one proceeding a full and complete determination of all issues which arise out of, or which are connected with, the subject matter of the original bill. In other words, a cross-bill is an aggressive pleading, rather a sword than a shield, with its subject matter restricted or limited to that which is germane to, or an outgrowth of, the original bill.

Lile on *Equity Pleading and Practice* also characterizes the cross-bill as a sword rather than a shield and "is the method by which the defendant asserts all available counter-claims." The general trend of modern pleading appears clearly to favor a final determination of all matters in one action if possible. The allegations of damages contained in the cross-bill are sufficiently allied to the filing of the original bill to be an "outgrowth" thereof. No procedural problem is now presented as the defendant has waived its request for a jury trial. It seems to me that no trier of facts would be in a better position to determine the true equities of the parties than the Chancellor who hears the entire dispute in one trial.

The Demurrer is denied with leave granted plaintiff to file responsive pleadings within twenty-one days hereof.