## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

William Cooper Bowen, Jr.

v.

Mary Lightner Bowen

November 30, 1983

Case No. (Chancery) 11041-WSTFB

By JUDGE FRED W. BATEMAN

The issue to be resolved is whether or not a Cross-Bill, filed after the effective date of a statute, is deemed "pending litigation" where the said statute provides that the provisions thereof shall not affect any pending litigation.

On June 30, 1982, husband filed a Bill of Complaint alleging constructive desertion as of February 8, 1982, and prayed for an a mensa to be merged into an a vinculo decree.

The wife accepted service on July 15, 1982. On July 27, 1982, the wife filed an Answer denying the fact allegations in the Bill of Complaint and filed a Cross-Bill incorporating the jurisdictional allegations of the husband's Bill of Complaint and charged the husband with cruelty and desertion as of February 8, 1982, and sought custody of a child with maintenance, attorney's fees, spousal support, lump sum award and monetary award per Section 20-107.3.

Chapter 309 of the 1982 Acts of the Assembly enacted Section 20-107.3 into law, which became effective on July 1, 1982, with a proviso that the provisions of the act "shall not affect any pending litigation."

The wife contends that her Cross-Bill in effect was a new suit and inasmuch as it was not pending on the

date Section 20-107.3 became effective was not "pending litigation" and therefore she is entitled to the benefits enumerated in Section 20-107.3, known as the "Equitable Distribution" statute. She cites the case of *Brewer v. Brewer*, 199 Va. 626 (1958), and Rules 2:13 and 2:14 in support of her position.

The husband asserts that his Bill of Complaint was pending on the effective date of the statute; that the Cross-Bill is in the nature of an auxiliary suit, auxiliary to [and] dependent on the original litigation and incorporates itself within and becomes a part of the original Bill, and therefore, is "pending litigation" and accordingly Section 20-107.3 is not applicable thereto.

Research suggests that the issue is one of first impression.

Under Rule 2:2, a suit is commenced by filing a Bill of Complaint with the Clerk and is then instituted and pending against all parties defendant thereto. This rule makes it clear that the husband's suit filed the day before the statute in question became effective was then pending, and this is so, notwithstanding the Defendant had not yet accepted service.

Divorce jurisdiction is solely statutory and the Courts possess no powers except such as are conferred by the statutes. The authority must be found in the statutes and cannot be looked for elsewhere or otherwise asserted or exercised. Substantial compliance with the statutes is necessary, otherwise the action is coram non judice; see *McCotter v. Carle*, 149 Va. 584; 140 S.E 670 (1927). Consistent with the foregoing, the divorce statutes are the sole source for the Court's jurisdiction to deal with property of a husband (*Watkins v. Watkins*, 220 Va. 1051 (1980)).

A Cross-Bill, as the name indicates, is a Bill filed by one or more Defendants in an original Bill against one or more Plaintiffs. It is a method by which the Defendant asserts all available counter-claims. It is auxiliary to proceeding in the original suit and to a large extent a branch or dependency of that suit so that the two constitute practically a single unit; see E. Meade, *Lile's Equity Pleading and Practice*, 3rd Edition, Sections 151 and 152.

A Cross-Bill is in the nature of an auxiliary suit dependent upon the subject matter of the original Bill. The matter set up in the Cross-Bill must be related to the subject matter in the cause and germane to the relief

sought therein; see *Equity Principles*, etc. Cox, at page 126. The foregoing is supported by authority from other jurisdictions. *McDowell v. Hunt Contracting Company* (Tenn.), 181 S.W. 680 at 681. (A Cross-Bill is auxiliary to and dependent on the original litigation and incorporates itself within and becomes a part of the original Bill.) *U.S. v. Reese*, 166 F. 347 at 350 (9th Cir. 1909). (A Cross-Bill in equity is but an auxiliary to the original suit and depends thereon.)

The *Brewer* case, *supra*, is distinguishable from the facts in this case. The sole issue there was whether the husband had a right to file a Cross-Bill in response to the wife's Bill for Separate Maintenance. The wife contended that the dissimilarities in a suit for separate maintenance, which had its background in common law, and a suit for divorce, which is statutory, forbids and prohibits the filing of a Cross-Bill. In reviewing the purposes of a Cross-Bill, the Court at page 628 said:

> The primary purposes of a Cross-Bill are to obtain affirmative relief on behalf of the Defendant or Defendants filing such a Bill, and to obtain *in the course of one proceeding* a full and complete determination of all issues which arise out of or which are connected with the subject matter of the original Bill. (italics added).

The Court held that the wife's contention was without merit and reversed the lower court.

Rule 2:13 deals with filing a Cross-Bill against a Plaintiff. Rule 2:14 deals with filing a Cross-Bill against Co-Defendants or Third Parties. Neither rule is helpful in deciding the issue in this case.

While Rule 2:2 is dispositive of the fact that the husband's suit was "pending" prior to the effective date of the statute in question, this conclusion is supported by additional authority found in Volume 31A of *Words and Phrases*, at page 516, the connotation of which is that an action is commenced when a Complaint is filed and is deemed pending from the time of its commencement until final determination; a Cross-Bill is a mere auxiliary suit and is to be considered as a defense to the original Bill necessary to the determination of some matter already in litigation.

It is not necessary to apply the rules of statutory construction with respect to prospective or retroactive interpretation since Chapter 309 of the 1982 Acts of the Assembly, by which Section 20-107.3 was enacted, contains clear and concise language "that the provision of this act shall not affect any pending litigation." The enumerated authorities, *supra,* lead to the inescapable conclusion that a Cross-Bill is homogeneous to a Bill of Complaint on which its very origin is dependent. In filing a Cross-Bill, on July 27, 1982, the wife attached or affixed her claim to the husband's pending (July 30, 1982) suit for divorce resulting in a single proceeding within the ambit of the husband's original suit. To accept the wife's contention would extirpate the clear intent of the legislature in prohibiting the application of Section 20-107.3 to pending litigation.

Accordingly, the Court concludes that the Cross-Bill having no independent status when it was filed on July 27, 1982, became a part of the husband's litigation which was pending prior to the effective date of Section 20-107.3 of the Code.