## CIRCUIT COURT OF FAIRFAX COUNTY

Dodson

v.

Dodson

March 25, 1985

Case No. (Chancery) 85023

By JUDGE F. BRUCE BACH

This matter is before me upon Complainant's Motion to Dismiss the Amended Answer and Cross-Bill of Complaint. After hearing oral argument and considering the memoranda of law submitted by counsel, it is my decision that the Defendant's Cross-Bill of Complaint is hereby dismissed.

This action involves the marital home purchased by Mr. and Mrs. Dodson in 1961. Following the parties' separation in June, 1977, Mr. Dodson moved to Alabama where he subsequently instituted divorce proceedings. Mrs. Dodson was properly served by publication, but made no appearance and filed no answer in the Alabama action. On March 8, 1983, Mr. Dodson was granted an Alabama *ex parte* divorce. Because Alabama lacked personal jurisdiction over Mrs. Dodson it could not make any award with regard to property division between the parties. Eight months after obtaining the Alabama final decree of divorce, Mr. Dodson filed a Bill of Complaint for Partition of the Virginia marital home with this Court. Mrs. Dodson has filed a Cross-Bill seeking an award of alimony and equitable distribution of the marital property pursuant to Va. Code sections 20-107.1, 20-107.3 (Repl. Vol. 1983). Because the two issues of alimony and property division require a different analysis, they will be considered separately.

1. *May this Court consider a Cross-Bill for alimony in a suit for partition of real property?*

The Virginia Supreme Court recognized in *Newport v. Newport*, 219 Va. 48, 55 (1978), that the husband has an obligation to support his wife which may not be extinguished by a court lacking personal jurisdiction of the wife. Further, a court of equity, without regard to statute, has the absolute power to award alimony, either in a suit for divorce, or in a suit for alimony alone. *Wilson v. Wilson*, 178 Va. 427, 428 (1941). It is well-settled that the *ex parte* divorce did not extinguish Mrs. Dodson's right to support. There is no precedent in this jurisdiction permitting her to enforce this right by filing a cross-bill for support and maintenance to an original Bill of Complaint requesting partition of property. Va. Supreme Ct. Rule 2:13 provides in relevant part:

> A defendant may, at any time when he would not be in default if he had not filed a pleading. . . file a cross-bill which seeks relief against the plaintiff but not against other defendants or third parties.

The primary purposes of a cross-bill are to obtain affirmative relief on behalf of the defendant and to obtain a full and complete determination of all issues which arise out of, or are connected with the subject matter of the original bill. *Brewer v. Brewer*, 199 Va. 626, 628 (1958). "The restriction as to subject matter extends to the introduction of issues that are not within the scope of the original bill." *Id*. The cross-bill is restricted to matters that are germane to, or an outgrowth of, the Complainant's suit. 27 Am. Jur. 2d *Equity*, section 212 (1966). Because Mrs. Dodson's request for support and maintenance is not germane to the Bill of Complaint, the Cross-Complaint with regard to support and maintenance must be dismissed.

*2. May this Court make a property award pursuant to the Equitable Distribution Statute after one party has obtained a foreign ex parte divorce?*

This Court has the power to divide property pursuant to *Va. Code* section 20-107.3 (Repl. Vol. 1983) ("Equitable Distribution Statute"), which provides in relevant part:

> Section 20-107.3. *Court may decree as to property of the parties.* A. Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, the court, upon motion of either party, shall determine the legal title as between the parties, and the ownership and value of all real and personal property of the parties and shall consider which of such property is separate property and which is marital property.

A literal reading of this statute leads to the conclusion that the issuance of a prior divorce decree strips the court of jurisdiction to make a subsequent property award. Reppy, *Valuation and Distribution of Marital Property*, section 10.01(3)(d) (Bender 1984).

Mrs. Dodson relies upon the District of Columbia case of *Hairston v. Hairston*, 454 A.2d 1369 (D.C. 1983), to support her position that a court has jurisdiction to award property pursuant to the Equitable Distribution Statute in a partition proceeding subsequent to a foreign divorce. The District of Columbia Court of Appeals without explanation, held that its Equitable Distribution Statute applied *following* the entry of a divorce decree. The D.C. statute, however, provides for equitable distribution of property only upon entry of a final decree of divorce. D.C. Code section 16-910(b). Because there is no explanation of the apparent inconsistency between the D.C. statute and the Court of Appeals reading of the statute, this Court declines to follow that decision.

The fact that the foreign court, in this case, lacked personal jurisdiction over the Virginia resident, and was without power to affect her property rights presents a difficult problem. Mrs. Dodson's husband, by unilaterally obtaining an *ex parte* foreign divorce, has effectively prevented her from litigating her right to marital property pursuant to the Equitable Distribution Statute. Mrs.

Dodson's "right" to equitable distribution vests only when a Virginia court decrees a divorce pursuant to the statute. The Equitable Distribution Statute is unambiguous on its face, therefore, it must be interpreted as written.