Brenda K. Passmore

v.

Clyde Passmore

May 31, 1988

Case No. (Chancery) 87-92

By JUDGE ROBERT K. WOLTZ

The wife in this case has instituted a suit independent of any request for divorce for alimony (in divorce jurisdiction now statutorily referred to as spousal support) which in such instance is often termed separate maintenance and support. The first issue is her entitlement to and the amount of such support. Also after the suit had been pending for a time the husband without objection filed cross-bill for divorce on the ground of living separate and apart for one year under code § 20-91(9). By her answer she asserts their separation has not been without cohabitation and not without interruption as required by that statute.

As to the first issue there can be no doubt that alimony may be awarded independently of a suit for divorce, there being an inherent equity jurisdiction to do so. This jurisdiction, regardless of questionable existence in England, has been exercised from an early date in this Commonwealth, where the doctrine may have originated. *Heflin v. Heflin*, 177 Va. 385 (1941). The jurisdiction continues to exist despite the enactment of divorce and nonsupport statutes. This is on the principle that once equity has acquired jurisdiction in an area it continues to retain that jurisdiction despite statutory establishment of the

same or some similar remedy unless there is statutory denial of the continuance of that jurisdiction. *Id.* Of itself the filing of the cross-bill for divorce by the husband does not prevent the wife from affirmatively pursuing her right to this support. *See Upchurch v. Upchurch*, 194 Va. 990 (1953).

The evidence is clear that the wife is entitled to relief by way of alimony for her separate maintenance. The evidence that the defendant husband deserted the wife in the summer of 1986 preponderates, is corroborated and not denied. In addition, there is no such evidence of fault on the part of the wife to the extent that she would have forfeited her right to support.

Any detailed review of the considerable evidence as to the amount of support is not required. Suffice it to say that the husband's earning ability and earnings are both far superior to that of the wife. He is a self employed factory representative for the sale of furniture, paid on commission. At times in the past few years his adjusted gross income has been in excess of thirty thousand dollars and for 1987 was slightly over twenty-nine thousand dollars, but he does have heavy travel expenses and is still paying on back income taxes. She has a job as a desk clerk at a motel at four dollars fifty cents per hour. Alimony, which will be temporary in nature for the reasons appearing below, is set at four hundred eighty dollars per month, retroactive to March 3, 1988, and payable in two equal installments payable on the third and eighteenth of each month. As to payments accumulated since March 3rd, the defendant will be allowed a credit for any sums which he has voluntarily paid to his wife. Any balance then due will be payable at the rate of an additional sixty dollars on each scheduled payment date subsequent to May 31, 1988.

There remains the matter of the husband's cross-bill for divorce. That he can plead so in response to her suit for separate maintenance is permissible. *Brewer v. Brewer*, 199 Va. 626 (1958). In answer to the cross-bill she denied that the parties had lived separate and apart without cohabitation and without interruption since the date of the separation, and alleges that she and he "have cohabited as man and wife" since that date. She does not specify the precise meaning she assigns to the word cohabit.

By her answer she has asserted an affirmative defense and the burden is on her to prove it. She claims that on a great number of occasions since the separation she and the defendant have engaged in sexual relations. She introduced the testimony of two witnesses in corroboration to the extent that the husband had on a number of occasions since the separation been at the former marital abode. The husband admitted visits to the former home for various reasons but flatly denies any sexual relations with her. One of her witnesses, an adult son who no longer resides at the home, could not testify as to any such relations but did testify on the occasions he had seen the defendant at the home at night the latter left before the witness did. The other son of the parties was nearing adulthood at the time of separation and continued thereafter to live in the home. Her failure to call him as a witness weakens her claim. She has not proved her affirmative defense by the greater weight of the evidence. As a consequence it is unnecessary to decide whether this defense must be proven by clear and convincing evidence as was the case in *Gibson v. Gibson*, 207 Va. 821, 825 (1967). On the effect in specific circumstances of sexual relations on the right to obtain a divorce, *see Tarr v. Tarr*, 184 Va. 443 (1945) (condonation of adultery); *Anderson v. Anderson*, 196 Va. 26 (1954) (proceedings to merge *a mensa* decree based on desertion into a divorce *a vinculo*); *Petachenko v. Petachenko*, 232 Va. 296 (1986) (suit for absolute divorce on ground of desertion).

The award of separate maintenance not being dependent on statute, the same requirements for proof of domicile, residence and venue as in divorce cases is not required. Though to some degree it is anomalous, the alimony in this case is as noted above to be temporary. This is done because on the husband's cross-bill, while evidence duly corroborated establishes the date of separation, there is no corroboration of the jurisdictional facts of domicile, residence, and venue. In addition, in her answer to the cross-bill the wife requested equitable distribution under Section 20-107.3. Should the husband on further proceedings prove the jurisdictional facts and certain other matters, he would be entitled to an absolute divorce. In that event, the alimony now ordered to be paid to the wife could no longer be separate maintenance but would be spousal support

under the divorce statutes, more particularly under Section 20-107.1. Under the provisions of that section where as here equitable distribution has been called into play any provisions in that regard must be taken into account in setting support amounts. Consequently no provisions for permanent support are possible until decision on the husband's claim for divorce and on matters of equitable distribution have been made.