COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Powell
Argued at Alexandria, Virginia


DAVID B. RITTER

v.      Record No. 0622-09-4

SHARON RITTER

MEMORANDUM OPINION[*] BY
JUDGE CLEO E. POWELL
DECEMBER 1, 2009


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge

(Paula W. Rank; Paula W. Rank Family Law & Mediation, PLC,
on brief), for appellant.  Appellant submitting on brief.

Morgan Brooke-Devlin (Brooke-Devlin & Nester, on brief), for
appellee.


David Ritter ("husband") appeals an order of the Circuit Court of Fairfax County striking

his request for affirmative relief from his answer.  Husband also appeals the trial court's refusal

to entertain his request for spousal support and attorney's fees.  Finding no error, we affirm the

decision of the trial court.

BACKGROUND

Husband married Sharon Ritter ("wife") on September 7, 1986.  On December 15, 2007,

the parties separated, and wife filed for divorce on December 19, 2007.  On November 19, 2008,

eleven months later, husband filed a motion for leave to file a late answer and cross-complaint.

Wife did not object to husband's late answer, but did object to his being permitted to file a

cross-complaint.  After hearing argument from both parties, the trial court entered an order

granting husband leave to file a late answer, but denying his motion to file a late cross-complaint.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 22, 2008, husband filed his answer to wife's complaint for divorce. As part of his answer, husband included a section titled "Affirmative Defenses," which set forth twenty-three (23) paragraphs of allegations of fault against wife. Relying on these allegations of fault, husband asked that the trial court deny wife's prayer for divorce and, instead, grant his prayer for divorce, as well as award him spousal support and attorney's fees.

On January 6, 2009, wife filed a motion to strike husband's affirmative defenses and his requests for affirmative relief. Wife argued that husband was seeking to circumvent the trial court's ruling denying husband's motion to file a late cross-complaint. On January 9, 2009, after hearing argument from both parties, the trial court granted wife's motion and struck all of the affirmative defenses set forth in husband's answer, as well as all requests for affirmative relief sought by husband. Additionally, the trial court awarded wife attorney's fees related to the motion to strike.

On February 27, 2009, the trial court entered the final divorce decree. Husband appeals.

ANALYSIS

On appeal, husband argues that the trial court abused its discretion in finding that his request for affirmative relief was analogous to a cross-complaint. Our Supreme Court has recognized that one of "[t]he primary purposes of a cross-bill [is] to obtain *affirmative relief on behalf of the defendant or defendants filing such a bill . . . .*" Brewer v. Brewer, 199 Va. 626, 628, 101 S.E.2d 516, 518 (1958) (emphasis added). Furthermore,

> where a defendant has set up a claim for affirmative relief in a
> defensive pleading, the court, in order to do complete justice
> between the parties and avoid a multiplicity of suits, may in its
> discretion treat an answer as a cross-bill by appropriate order.

Shevel's, Inc.-Chesterfield v. Southeastern Associates, Inc., 228 Va. 175, 184, 320 S.E.2d 339, 344 (1984).

It is uncontested that husband sought affirmative relief in his answer. As it is within the trial court's discretion to treat such a request as a cross-complaint, we cannot say the trial court erred in the present case.

Husband next argues that the trial court abused its discretion in failing to consider his request for spousal support, because the trial court, in effect, denied him leave to amend his pleadings.

> Rule 1:8 states, in pertinent part, "No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice." On appeal, review of the trial court's decision to grant or deny a motion to amend is limited to the question whether the trial judge abused his discretion.

Hetland v. Worcester Mut. Ins. Co., 231 Va. 44, 46, 340 S.E.2d 574, 575 (1986).

It is important to note, however, that "such amendments are not matters of right, *and should not be permitted to delay, impede, or embarrass, the administration of justice.*" Richmond College v. Scott-Nuckols Co., 124 Va. 333, 340, 98 S.E. 1, 3 (1919) (emphasis added).

In the present case, husband knew before he filed his answer that he was barred from making a cross-complaint. By seeking spousal support, a form of affirmative relief, in his answer, husband was, in effect, attempting to circumvent the trial court's order by including a cross-complaint within his answer.

Furthermore, allowing such a request for affirmative relief would have inevitably resulted in a delay. Although husband argues that wife would not have been prejudiced because the question of the parties' respective incomes and earning capacities was at issue, the fact remains that no discovery had been performed by either party in contemplation of spousal support. Husband filed his answer on December 22, 2008, and the scheduling order required all discovery

be completed by December 26, 2008. Thus, without a continuance, both parties would only have four days to complete discovery relative to the issue of spousal support.

Wife requested that we award her attorney's fees and costs incurred in connection with this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to reasonable attorney's fees and costs.

## CONCLUSION

For the foregoing reasons we affirm the decision of the trial court and remand this case for the trial court's determination and award of the appropriate appellate attorney's fees and costs to wife.

Affirmed.